UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JULIE HOAGLAN
6861 Crocus Court, Apt. 3
Greendale, Wisconsin 53129

       Plaintiff,

v.

HERITAGE SENIOR LIVING, LLC
1295 Northland Drive, Suite 270
Mendota Heights, Minnesota 55120

       Defendant

Case No.: 19-cv-1362

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Julie Hoaglan, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant operates its business and has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

4. Plaintiff, Julie Hoaglan, is an adult female resident of the State of Wisconsin with a post office address of 6861 Crocus Court, Apartment 3, Greendale, Wisconsin 53129.

5. Defendant, Heritage Senior Living, LLC, was, at all material times herein, a commercial entity with a principal address of 1295 Northland Drive, Suite 270, Mendota Heights, Minnesota 55120.

6. Defendant owns, operates, and manages senior living facilities.

7. During the relevant time periods as stated herein, Defendant operated its business throughout the State of Wisconsin, including but not limited to owning, operating, and managing various senior living facilities throughout the State.

8. During the relevant time periods as stated herein, Plaintiff performed compensable work as an hourly-paid, non-exempt Resident Aide / Cook at Defendant's senior living facility located at 5020 South 107th Street, Greenfield, Wisconsin 53228.

9. During the relevant time periods as stated herein, the senior living facilities that Defendant operated in the State of Wisconsin, including the senior living facility where Plaintiff worked during her employment with Defendant (5020 South 107th Street, Greenfield, Wisconsin 53228), were community based residential facilities subject to the procedures and standards in Wisconsin Chapter DHS 83.

10. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

11. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

12. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

13. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

14. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant as these terms are defined under the FLSA and the WWPCL.

15. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## **GENERAL ALLEGATIONS**

16. In January 2019, Defendant hired Plaintiff at its senior living facility located at 5020 South 107th Street, Greenfield, Wisconsin 53228.

17. During Plaintiff's employment with Defendant, Plaintiff performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction in the position of Resident Aide / Cook.

18. During Plaintiff's employment with Defendant, Plaintiff reported directly to Angela Pierce, Supervisor, and Samantha Sabbatini, Executive Director.

19. In approximately September 2019, Plaintiff's employment with Defendant ended.

20. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff with an hourly rate of pay, plus other monetary forms of non-discretionary compensation.

21. During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for FLSA and WWPCL purposes.

22. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff bi-weekly via check.

23. During Plaintiff's employment with Defendant, Plaintiff often worked in excess of forty (40) hours per workweek.

24. During Plaintiff's employment with Defendant, Defendant's workweek for FLSA and WWPCL purposes was "…7 a.m. on Friday to the end of third shift on Thursday."

25. During Plaintiff's employment with Defendant, Plaintiff recorded her hours worked via Defendant's electronic timekeeping system.

26. During Plaintiff's employment with Defendant, Defendant automatically deducted thirty (30) minutes (or sixty (60) minutes) each work day from Plaintiff's timesheets for an unpaid lunch break or meal period.

27. During Plaintiff's employment with Defendant, Defendant automatically deducted thirty (30) minutes (or sixty (60) minutes) each work day from Plaintiff's timesheets for an unpaid lunch break or meal period even though it knew or was aware that Plaintiff did not receive at least thirty (30) consecutive minutes free from work.

28. During Plaintiff's employment with Defendant, Defendant automatically deducted thirty (30) minutes (or sixty (60) minutes) each work day from Plaintiff's timesheets for an unpaid lunch break or meal period even though it knew or was aware that Plaintiff was not allowed to leave Defendant's premises during her lunch break or meal period.

29. During Plaintiff's employment with Defendant and Plaintiff verbally complained to and/or informed Sabbatini that she did not take at least thirty (30) consecutive minutes free from work and/or was not allowed to leave Defendant's premises during her lunch break or meal period. Often, Sabbatini responded: "It's not a big deal not to pay you for lunch breaks because you go out and smoke during the day. It adds up to 30 minutes," or words to that effect.

30. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for on duty and compensable lunch breaks or meal periods each work day, including at an overtime rate of pay for her hours worked in excess of forty (40) hours per workweek.

31. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek, including at the proper, lawful, and/or correct overtime rate of pay for hours worked in excess of forty (40) in a workweek.

32. Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek (including but not limited to at the proper, lawful, and/or correct overtime rate of pay) in accordance with the FLSA and WWPCL.

33. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

34. Defendant owes Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendant for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

**FIRST CAUSE OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)**

35. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

36. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the

production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

37. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

38. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek while she was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

39. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek by failing to compensate Plaintiff with on duty meal periods, in accordance with the WWPCL.

40. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

41. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

42. Plaintiff is entitled to damages equal to the overtime compensation due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless

disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

43. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

### SECOND CAUSE OF ACTION – WWPCL VIOLATIONS (OVERTIME PAY)

44. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

45. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

46. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

47. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

48. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay and at a previously agreed-upon rate of pay.

49. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

50. During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay in accordance with the WWPCL by virtue of Defendant's failure to compensate Plaintiff with on duty meal periods each work day.

51. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

52. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

53. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

## THIRD CAUSE OF ACTION – WWPCL VIOLATIONS
### (ON DUTY MEAL PERIODS AND FAILURE TO PAY AN AGREED-UPON WAGE)

54. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

55. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

56. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

57. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 et seq., 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

58. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay and at a previously agreed-upon rate of pay.

59. At all times material herein, Wis. Admin. Code § DWD 274.02(3) was applicable to Plaintiff's employment with Defendant, which states: "The employer shall pay all employees for on-duty meal periods, which are to be counted as work time. An on-duty meal period is a meal period where the employer does not provide at least 30 minutes free from work. Any meal period where the employee is not free to leave the premises of the employer will also be considered an on-duty meal period."

60. During Plaintiff's employment with Defendant, Defendant knew and/or was aware that Plaintiff often did not receive a rest break and/or meal period that lasted at least thirty (30) consecutive minutes free from work each work day. Despite this, Defendant failed to count or consider these rest breaks and/or meal periods during the workday as on-duty meal periods, which are compensable work time under Wis. Admin. Code § DWD 274.02(3), and instead deducted thirty (30) minutes of compensable work time from Plaintiff's timesheets each work day.

61. During Plaintiff's employment with Defendant and when Plaintiff was provided with a rest break and/or meal period during the workday (regardless of whether the rest break and/or meal period provided Plaintiff with at least thirty (30) consecutive minutes free from work), she was not free to leave Defendant's premises. Despite this, Defendant failed to count or

consider Plaintiff's rest breaks and/or meal periods during the workday as on-duty meal periods, which are compensable work time under Wis. Admin. Code § DWD 274.02(3), and instead deducted thirty (30) minutes of compensable work time from Plaintiff's timesheets each work day.

62. During Plaintiff's employment with Defendant, Plaintiff was entitled to payments from Defendant at her agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

63. During Plaintiff's employment with Defendant and during workweeks when Plaintiff did not work in excess of forty (40) hours per workweek, Defendant failed to compensate Plaintiff at her regular rate of pay for each and every hour worked, in accordance with Wis. Admin. Code § DWD 272, either at the higher of her agreed-upon regular rate of pay or a rate of pay no less than the minimum wage.

64. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

65. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

66. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid overtime wages, unpaid regular and/or agreed-upon wages, for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendant;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 18th day of September, 2019

                                              WALCHESKE & LUZI, LLC
                                              Counsel for Plaintiff

                                              s/ ***Scott S. Luzi***_____
                                              James A. Walcheske, State Bar No. 1065635
                                              Scott S. Luzi, State Bar No. 1067405
                                              David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com